| | |
|---|---|
| 1 | KYLE B. FLEMING (California Bar No. 166386) |
| | MARK C. JOHNSON (not yet admitted) |
| 2 | **RENNER OTTO** |
| | 1621 Euclid Avenue, Floor 19 |
| 3 | Cleveland, Ohio 44115 |
| | Telephone: 216.621.1113 |
| 4 | Facsimile: 216.621.6165 |

*Attorneys for Plaintiff Julius Zorn, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS ZORN, INC. | Civil Case No.: **'15CV2734 GPC RBB** |
| 3690 Zorn Drive | |
| Cuyahoga Falls, OH 44223 | Judge: |
| Plaintiff, | |
| v. | |
| CIRCAID MEDICAL PRODUCTS, INC. | |
| 9323 Chesapeake Drive Suite B-2 | |
| San Diego, CA 92123, | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Julius Zorn, Inc., also known as Juzo USA, ("Juzo") alleges as follows and for its complaint against Circaid Medical Products, Inc. ("Circaid"):

### NATURE OF THE ACTION

1. This is an action for declaratory judgment that Juzo and its customers do not infringe any claim of United States Patent No. 7,329,232, entitled, "LIMB ENCIRCLING THERAPEUTIC COMPRESSION DEVICE" ("the '232 patent").

2. A true and correct copy of the '232 patent is attached as Exhibit A.

### THE PARTIES

3. Juzo is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 3690 Zorn Drive, Cuyahoga Falls, OH 44223.

4. Circaid, upon information and belief, is a corporation organized and existing under the laws of the state of California, having its principal place of business at 9323 Chesapeake Drive Suite B-2, San Diego, CA 92123.

**JURISDICTION AND VENUE**

5. This action is based on the patent laws of the United States, Title 35 of the United States Code, § 1 et seq., with a specific remedy sought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as is more fully set forth below.

6. An actual, substantial, and continuing justiciable controversy with respect to the infringement of the '232 patents exists between Juzo and Circaid that requires a declaration of rights by this Court.

7. This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8. This Court has personal jurisdiction over Circaid at least because Circaid is incorporated in California, resides in and has its principal place of business in this district, and further because Circaid, by way of its counsel, has engaged in activity in this district relating to the enforcement of the '232 patent. *See* Exhibit B.

9. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) at least because Circaid resides in this district and is subject to personal jurisdiction.

**FACTUAL BACKGROUND**

10. Juzo is an international leader in medical compression therapy garments. Among the products offered and sold by Juzo are the Juzo Compression Wraps (Model 6000).

11. Circaid claims to be the assignee and owner of all right, title and interest in and to the '232 patent.

12. On November 30, 2015, Circaid's counsel sent Juzo a cease and desist letter (*see* Exhibit B) alleging that Juzo is infringing Circaid's '232 patent by selling Juzo's Compression Wrap products and demanding that Juzo:

a) "Immediately cease and forever desist advertising, selling, and/or distributing all infringing garments and using any of Circaid's intellectual property, including patents, trademarks, or trade dress;"

b) "Provide us with the number of infringing garments you have sold, the number of unsold infringing garments remaining in your possession, and an accounting of all revenue you have obtained from sales of the infringing garments;"

c) "Mail, at Juzo's expense, all remaining infringing garments in Juzo's possession to us at the above address;" and

d) "Provide us with all contact information for the sourcing manufacturer(s) and supplier(s) (domestic and overseas) of the infringing garments."

13. None of Juzo's accused Compression Wrap products, including the Juzo Compression Wraps (Model 6000), embodies all of the limitations of any claim of the '232 patent, either literally or under the doctrine of equivalents.

14. Circaid's accusations of infringement place a cloud over Juzo's Compression Wrap products, causing Juzo harm and negatively impacting Juzo's ability to conduct business.

15. An actual, substantial, and continuing justiciable controversy exists between Juzo and Circaid with respect to the infringement of the '232 patents, and that controversy requires a declaration of rights by this Court.

## COUNT I

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '232 PATENT

16. Juzo re-alleges and incorporates by reference the allegations of all preceding paragraphs as if fully set forth herein.

17. As a result of Circaid's accusations of infringement by Juzo, an actual controversy exists as to the infringement of the claims of the '232 patent.

18. Juzo, by selling its accused Compression Wrap products, including the Juzo Compression Wraps (Model 6000), has not directly infringed any claim of the '232 patent under 35 U.S.C. §271(a), either literally or under the doctrine of equivalents.

19. Juzo, by selling its accused Compression Wrap products, including the Juzo Compression Wraps (Model 6000), has not indirectly infringed any claim of the '232 patent under 35 U.S.C. §271(b) or 35 U.S.C. §271(c), either literally or under the doctrine of equivalents.

20. The allegations of patent infringement by Circaid have caused and will continue to cause Juzo harm.

21. Juzo seeks and requires resolution of the issues asserted in this claim, as the accusations of infringement made by Circaid have placed a cloud over Juzo's ability to conduct business so long as these issues regarding the '232 patent remain unresolved.

22. Juzo is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '232 patent.

## COUNT II

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '232 PATENT

23. Juzo re-alleges and incorporates by reference the allegations of all preceding paragraphs as if fully set forth herein.

24. As a result of Circaid's accusations of infringement by Juzo, an actual controversy exists as to the invalidity of the claims of the '232 patent.

25. The claims of the '232 patent are invalid for failure to meet one or more of the requirements of patentability set forth in 35 U.S.C. §§ 101 et seq., including, but not limited to, §§ 102, 103 and 112.

26. Juzo seeks and requires resolution of the issues asserted in this claim, as the accusations of infringement made by Circaid have placed a cloud over Juzo's ability to conduct business so long as these issues regarding the '232 patent remain unresolved.

27. Juzo is entitled to a declaratory judgment that the claims of the '232 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

a) enter judgment that Juzo has not directly or indirectly infringed any claim of the '232 patent;

b) enter judgment that all of the claims of the '232 patent are invalid;

c) order Circaid to pay costs to Juzo; and

d) award such other and further relief as the Court deems just and equitable.

Dated: December 7, 2015          **RENNER OTTO**

Kyle B. Fleming
  kfleming@rennerotto.com
Mark C. Johnson (not yet admitted)
  mjohnson@rennerotto.com

By /s/ Kyle B. Fleming
  KYLE B. FLEMING
  ATTORNEY FOR JULIUS ZORN, INC.